Prob 12C
(Rev. 1/06 D/HI)

**ORIGINAL**

**SEALED BY ORDER OF THE COURT**
United States District Court

for the

**DISTRICT OF HAWAII**



FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAY 11 2006

at 11 o'clock and 05 min A M
SUE BEITIA, CLERK

U.S.A. vs. MICHAEL NONNEMACHER          Docket No. CR 04-00225SOM-01

**REQUEST FOR COURSE OF ACTION**
(Statement of Alleged Violations of Supervised Release)

   COMES NOW MARK T. NUGENT, PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of MICHAEL NONNEMACHER, who was placed on supervision by the Honorable Susan Oki Mollway, sitting in the Court at Honolulu, Hawaii, on the 17th day of February 2005, who fixed the period of supervision at 3 years and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows: 1) That the defendant shall participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office; and 2) That the defendant provide the Probation Office access to any requested financial information.

   The subject began his term of supervised release on 2/22/2006.

   On 4/17/2006, a Request for Modifying the Conditions of Supervision with Consent of the Offender was filed modifying the conditions of supervision as follows: 3) That the defendant shall refrain from the possession and/or consumption of alcohol; and General Condition: That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than 8 valid drug tests per month during the term of supervision (mandatory condition).

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

Alleged Violation(s) of Supervised Release

   That the subject has violated the conditions of his supervised release (Probation Form 7A and Probation Form 12B are attached) as follows:

1. The subject's urine specimen submitted on 4/10/2006 tested positive for methamphetamine and cocaine, in violation of the General Condition.

2. The subject refused to comply with drug testing on 4/25/2006 and 5/5/2006, in violation of Special Condition No. 1.

SEALED
BY ORDER OF THE COURT

3. The subject failed to enter into the Freedom Recovery Services (FRS) Intensive Out-Patient (IOP) drug treatment program as instructed by the probation office, in violation of Special Condition No. 1.

4. The subject failed to notify the Probation Office of his change in residence, in violation of Standard Condition No. 6.

Based on the above, the U.S. Probation Officer recommends that a NO BAIL Warrant be issued and that the subject be brought before the Court to show cause why supervision should not be revoked.

---

PRAYING THAT THE COURT WILL ORDER ONE OF THE FOLLOWING COURSES OF ACTION:

[X] The issuance of a NO BAIL warrant and that the subject be brought before the Court to show cause why supervision should not be revoked. The NO BAIL warrant and this Petition to be sealed for other than law enforcement purposes and until such time that the subject has been arrested and the warrant duly executed.

[ ] Other

I declare under penalty of perjury that the foregoing is true and correct

Executed on    5/8/2006

MARK T. NUGENT
U.S. Probation Officer

Approved by:

PETER D. YOSHIHARA
Supervising U.S. Probation Officer

Prob 12C
(Rev. 1/06 D/HI)

3

## ORDER OF COURT

THE COURT ORDERS the issuance of a NO BAIL warrant and that the subject be brought before the Court to show cause why supervision should not be revoked. The NO BAIL warrant and this Petition to be sealed for other than law enforcement purposes and until such time that the subject has been arrested and the warrant duly executed.

Considered and ordered this 8th day of May, 2006, and ordered filed and made a part of the records in the above case.

_____
SUSAN OKI MOLLWAY
U.S. District Judge

Re:   **NONNEMACHER, Michael**
**Criminal No. CR 04-00225SOM-01**
**REVOCATION OF SUPERVISED RELEASE**

## STATEMENT OF FACTS

On 2/17/2005, the subject was sentenced to 18 months imprisonment to be followed by a term of 3 years of supervised release. The subject began his term of supervised release on 2/22/2006. Since then, the subject has incurred the following violations:

**Violation No. 1 - Positive Drug Test Result for Methamphetamine and Cocaine:** On 4/10/2006, the subject provided a urine specimen at Freedom Recovery Services (FRS) which was presumptively positive for methamphetamine and cocaine. The specimen was forwarded to Scientific Testing Laboratories, Inc. (STL) for confirmation testing. On 4/18/2006, STL confirmed that the specimen was positive for methamphetamine and cocaine. Upon being questioned about the positive urine specimen, the subject admitted that a couple of days prior to 4/10/2006, he met a former acquaintance who offered him methamphetamine and cocaine. The subject indicated that he was unable to resist the temptation and used both drugs. He further indicated that he was willing to enter into increased drug treatment.

On 4/11/2006, the subject's substance abuse counselor at FRS was consulted. The subject's counselor recommended that the subject enter Intensive Out-Patient (IOP) treatment at FRS.

On 4/13/2006, the Probation Office notified the Court of the above violation. Based upon the subject's admission to using illegal drugs and the recommendation of his substance abuse counselor at FRS, the Court agreed to take no adverse action and allowed him to enter IOP treatment.

**Violation 2 - Refusal to Comply With Drug Testing:** On 4/26/2006 and 5/5/2006, the subject failed to appear at FRS to provide urine specimens. Despite several attempts, the Probation Office has been unable to contact the subject. On 5/5/2006, the subject's son reported that the subject moved out of his residence in late April 2006. The subject's son indicated that he did not know how to contact the subject. The subject's whereabouts are currently unknown.

**Violation No. 3 - Failure to Enter IOP Drug Treatment**: As indicated under Violation No. 1, on 4/10/2006, the subject submitted a urine specimen that tested positive for methamphetamine and cocaine. Based upon the subject's admission that he used illegal drugs and his willingness to enter increased drug treatment, the Court agreed to take no adverse action and to allow the subject to enter into IOP drug treatment at FRS.

Re:   **NONNEMACHER, Michael**
      **Criminal No. CR 04-00225SOM-01**
      **REVOCATION OF SUPERVISED RELEASE**
      **STATEMENT OF FACTS - Page 2**

  On 4/11/2006, this officer met with the subject and instructed him to enter the FRS IOP program. The subject was warned that if he failed to enter into IOP drug treatment, revocation proceedings would be initiated. On 5/5/2005, a representative from FRS contacted the probation office and reported that the subject was supposed to start IOP treatment during the week of 4/24/2006 but failed to show up. According to the FRS representative, the subject has made no contact with FRS since 4/19/2006.

**Violation No. 4 - Failure to Notify the Probation Office of Residence Change:** At the onset of supervision, the subject resided with his adult son in a condominium in Salt Lake. However, on 5/5/2006, while attempting to telephonically contact the subject, the subject's son reported that in late April 2006, he kicked the subject out of his home. He stated that he does not know the subject's whereabouts.

  The subject has made no attempt to contact this officer and his whereabouts are currently unknown.

Re: **NONNEMACHER, Michael**
   **Criminal No. CR 04-00225SOM-01**
   **REVOCATION OF SUPERVISED RELEASE**
   **STATEMENT OF FACTS - Page 3**

### Conclusion:

Since the onset of supervision on 2/22/2006, the subject has demonstrated that he is unwilling to comply with the conditions of supervision and follow reasonable instructions by the Probation Office. The subject has acknowledged abusing methamphetamine and cocaine, has failed to enter into the FRS IOP substance abuse program as directed, and has failed keep the U.S. Probation Office apprized of his whereabouts. The subject's actions, coupled with his history of committing firearms offenses and violent crimes, indicate that he poses a substantial risk to the safety of the community and that he is not amenable to supervision at this time. It is recommended that a no bail warrant be issued for his appearance before the Court to show cause why supervised release should not be revoked.

Respectfully submitted by,

MARK T. NUGENT
U.S. Probation Officer

Approved by:

PETER D. YOSHIHARA
Supervising U.S. Probation Officer

MTN/dck

Re:   **NONNEMACHER, Michael**
      **Criminal No. CR 04-00225SOM-01**
      **REVOCATION OF SUPERVISED RELEASE**
      **STATEMENT OF FACTS - Page 4**

**NOTICE OF ADDITIONAL CONDITION(S) OF SUPERVISION THAT MAY WARRANT CONSIDERATION**

> That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.
>
> That the defendant reside at and participate in a community corrections center such as Mahoney Hale for a period not to exceed 90 days.

PROB 7A
(Rev. 9/00; D/HI 10/05)

Conditions of Probation and Supervised Release

# UNITED STATES DISTRICT COURT

FOR THE

## DISTRICT OF HAWAII

To:     MICHAEL NONNEMACHER                    Docket No.  CR 04-00225SOM-01

      Under the terms of this sentence, the defendant has been placed on supervised release by the Honorable Susan Oki Mollway, U.S. District Judge for the District of Hawaii. The defendant's term of supervision is for a period of three (3) years commencing upon release from confinement (2/22/2006).

      The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons (supervised release cases only).

      The defendant shall not commit another federal, state, or local crime.

      The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of commencement of supervision and at least two periodic drug tests thereafter.

- [ ] The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- [x] The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)
- [x] The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)
- [ ] The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the student, as directed by the probation officer. (Check, if applicable.)
- [ ] The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

      If the judgment imposed a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervision in accordance with any Schedule of Payments set forth in the Criminal Monetary Penalties sheet of the judgment. In any case, the defendant should cooperate with the probation officer in meeting any financial obligations.

**It is the order of the Court that the defendant shall comply with the following standard conditions:**

    (1)    The defendant shall not leave the judicial district without the permission of the court or probation officer;

    (2)    The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

    (3)    The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

(4) The defendant shall support his or her dependents and meet other family responsibilities;

(5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;

(6) The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

(7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician;

(8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

(9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

(10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

(11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

(12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

(13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

**The special conditions ordered by the Court are as follows:**

(1) That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office.

(2) That the defendant provide the Probation Office access to any requested financial information.

Upon a finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____   2/27/06
MICHAEL NONNEMACHER, Defendant   Date

_____   2/27/06
MARK T. NUGENT   Date
U.S. Probation Officer

PROB. 12B
(7/93)

# United States District Court

**for the**

## DISTRICT OF HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

APR 17 2006

at __10__ o'clock and __40__ min. __A__
SUE BEITIA, CLERK

RECEIVED
U.S. PROBATION OFFICE
HONOLULU, HAWAII
'06 APR 17  10:55

### Request for Modifying the Conditions or Term of Supervision with Consent of the Offender
*(Probation Form 49, Waiver of Hearing is Attached)*

Name of Offender: MICHAEL NONNEMACHER    Case Number: CR04-00225SOM-01

Name of Sentencing Judicial Officer:   Susan Oki Mollway

Date of Original Sentence: 2/17/2005

Original Offense:    Count 1: FELON IN POSSESSION OF FIREARM, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), a Class C felony

Count 2: FELON IN POSSESSION OF AMMUNITION, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), a Class C felony

Count 3: UNLAWFUL USER OF A CONTROLLED SUBSTANCE IN POSSESSION OF A FIREARM, in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2), a Class C felony

Count 4: UNLAWFUL USER OF A CONTROLLED SUBSTANCE IN POSSESSION OF AMMUNITION, in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2), a Class C felony

Original Sentence:   Eighteen (18) months imprisonment, to be followed by three (3) years supervised release with the following special conditions: 1) that the defendant shall participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office; and 2) that the defendant provide the Probation Office access to any requested financial information.

Type of Supervision: Supervised Release    Date Supervision Commenced: 2/22/2006

## PETITIONING THE COURT

[X]    To modify the conditions of supervision as follows:

Prob 12B
(7/93)

2

|  |  |
|---|---|
| **General Condition:** | That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than 8 valid drug tests per month during the term of supervision (mandatory condition). |
| **Special Condition No. 3a:** | That the defendant shall refrain from the possession and/or consumption of alcohol. |

## CAUSE

| Violation Number | Nature of Noncompliance |
|---|---|
| General Condition | The subject's urine specimen submitted on 4/10/2006 was presumptively positive for methamphetamine. |

The subject began his term of supervised release on 2/22/2006. As a condition of supervision, the subject entered substance abuse treatment and testing at Freedom Recovery Services (FRS).

On 4/10/2006, the subject provided a urine specimen at FRS which was presumptively positive for methamphetamine. The results, which remain outstanding, were forwarded to Scientific Laboratories for confirmation testing. Upon being questioned about the positive urine specimen, the subject admitted that a couple of days prior to 4/10/2006, he met an old acquaintance who offered him methamphetamine and cocaine. The subject indicated that he was unable to resist the temptation and used both drugs. The subject acknowledged that it was a mistake but noted that he has not used any illegal substances since that night. The subject further indicated that he would be willing to enter Intensive Out Patient (IOP) treatment at FRS.

Upon contacting the subject's counselor at FRS, she recommended that the subject enter its IOP program. She explained that as a participant in the FRS IOP program the subject would be required to attend classes 4 times week, with each class running 3 hours in duration. Additionally, she identified the subject's prior use of alcohol as a "trigger" to his use of illegal drugs. Therefore, she also recommended that the subject be prohibited from using alcohol for the duration of his term of supervision.

PROB 49
(5/96)

# United States District Court

### District of Hawaii

### Waiver of Hearing to Modify Conditions
### of Probation/Supervised Release and/or Extend Term of Supervision

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release and/or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release and/or to the proposed extension of my term of supervision:

[ ]   To extend the term of supervision for  years, for a total term of  years.
[X]   To modify the conditions of supervision as follows:

**General Condition:**   That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than 8 valid drug tests per month during the term of supervision (mandatory condition).

**Special Condition No. 3**   That the defendant shall refrain from the possession and/or consumption of alcohol.

Witness: _____
MARK T. NUGENT
U.S. Probation Officer

Signed: _____
MICHAEL NONNEMACHER
Supervised Releasee

4/11/06
Date